`

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK X. CARBAJAL, JR., | No.  1:17-cv-01413-SKO (HC) |
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | [Doc. 31] |
| SCOTT KERNAN, Warden, | |
| Respondent. | |

On September 24, 2018, the Court denied Petitioner's petition for writ of habeas corpus on the merits. (Doc. 20.) Petitioner appealed to the Ninth Circuit, and the appeal was denied on January 28, 2019. (Docs. 23, 27.)

On January 29, 2026, Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). Petitioner claims his conviction was reopened in the state courts and that his newly exhausted claims should be related back to his original petition. Petitioner's motion will be denied.

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

1

been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

First, the request is untimely. A motion under Rule 60(b) must be made within a reasonable time and "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Petitioner's motion is over 6 years beyond the time permitted.

Second, Petitioner has not shown his conviction has been reopened. Petitioner cites a letter he received from the California Supreme Court as proof. The letter shows the opposite. In the letter, the California Supreme Court states: "On a letter dated April 1, 2025, the court notified you regarding the rejection of your 'Application for relief from default' for a petition for review." (Doc. 31 at 3.) Thus, the letter does not show his conviction was reopened but, rather, that his attempt to obtain relief from default was denied.

Third, the petition was denied with prejudice on the merits. Petitioner's motion for relief is a second attempt to obtain relief and essentially a successive petition. Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for relief (Doc. 31) is DENIED.

IT IS SO ORDERED.

Dated:   **January 30, 2026**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

2